PROB 12C
(6/16)

Report Date: April 6, 2018

# United States District Court

for the

# Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 06, 2018

SEAN F. MCAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Andrew James Jack | Case Number: 0980 2:15CR00056-RMP-1 |
| Address of Offender: | Nespelem, Washington 99155 |

Name of Sentencing Judicial Officer:  The Honorable Rosanna Malouf Peterson, U. S. District Judge

Date of Original Sentence: March 15, 2016

Original Offense:    Felon in Possession of a Firearm, 18 U.S.C. § 922 (g)(1) and 924(a)(2)

| | | | |
|---|---|---|---|
| Original Sentence: | Prison - 16 months<br>TSR - 36 months | Type of Supervision: | Supervised Release |
| Asst. U.S. Attorney: | Matthew F. Duggan | Date Supervision Commenced: | July 11, 2016 |
| Defense Attorney: | Amy Rubin | Date Supervision Expires: | July 10, 2019 |

## PETITIONING THE COURT

To issue a warrant.

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number | Nature of Noncompliance
---|---
1 | **Special Condition #21**: You shall complete a mental health evaluation and follow any treatment recommendations of the evaluating professional which do not require forced or psychotropic medication and/or inpatient confinement absent further order of the Court. You shall allow reciprocal release of information between the supervising officer and treatment provider.  You shall contribute to the cost of treatment according to your ability to pay.
 | **Supporting Evidence**: Mr. Jack failed to attend a mental health evaluation appointment on March 28, 2018.
 | On February 21, 2018, supervised release conditions were reviewed and signed by Mr. Jack acknowledging his understanding of special condition number 21, which requires him to obtain a mental health evaluation.
 | On April 2, 2018, contact was made with Mr. Jack's mental health counselor who reported that Mr. Jack failed to attend his mental health evaluation appointment on March 28, 2018. He further advised he spoke to Mr. Jack on March 27, 2018, and the appointment was confirmed for the following day, March 28, 2018.  However, Mr. Jack failed to attend his scheduled mental health evaluation appointment.

Prob12C
Re: Jack, Andrew James
April 6, 2018
Page 2

|   |   |
|---|---|
| 2 | **Special Condition #15**: You shall undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare. You shall contribute to the cost of treatment according to your ability to pay. You shall allow full reciprocal disclosure between the supervising officer and treatment provider. |

**Supporting Evidence**: Mr. Jack failed to attend his drug and alcohol assessment appointment on March 30, 2018, and again on April 3, 2018.

On February 21, 2018, supervised release conditions were reviewed and signed by Mr. Jack acknowledging his understanding of special condition number 15, which requires him to undergo a substance abuse evaluation.

On April 3, 2018, contact was made with Tribal Drug and Alcohol Agency who advised Mr. Jack was a no call/no show for his scheduled drug and alcohol appointment on March 30, 2018. According to the counselor, a letter was mailed to Mr. Jack of his failure to keep his appointment. In this same letter, Mr. Jack's appointment was rescheduled to April 3, 2018. The counselor reported that Mr. Jack was again a no call/no show for his assessment.

|   |   |
|---|---|
| 3 | **Standard Condition #3**: The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. |

**Supporting Evidence**: Mr. Jack failed to follow probation officer instructions on April 2, 2018.

On February 21, 2018, supervised release conditions were reviewed and signed by Mr. Jack acknowledging his understanding of standard condition number 3, which requires him to follow probation officer instructions.

On April 2, 2018, Mr. Jack was instructed to report to the Tribal Drug and Alcohol Agency and submit to urinalysis testing before the end of business hours. Mr. Jack failed to report for urinalysis testing as directed.

|   |   |
|---|---|
| 4 | **Mandatory Condition #4**: The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer. |

**Supporting Evidence**: Mr. Jack tested positive for methamphetamine and marijuana on April 4, 2018.

On February 21, 2018, supervised release conditions were reviewed and signed by Mr. Jack acknowledging his understanding of mandatory condition number 4, which prohibits him from the use of a controlled substance.

On April 4, 2018, Mr. Jack was instructed to submit to urinalysis testing. Prior to providing the urine sample, Mr. Jack admitted to having used controlled substances. The test returned presumptive positive for methamphetamine and marijuana. Mr. Jack signed the

    admission/denial form admitting to having used methamphetamine and marijuana on April 3, 2018.

5      **Standard Condition #8**: The defendant shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician. Use, acquisition, or possession of marijuana with or without a physician's prescription is prohibited.

    **Supporting Evidence**: Mr. Jack was found in possession of drug paraphernalia on April 4, 2018.

    On February 21, 2018, supervised release conditions were reviewed and signed by Mr. Jack acknowledging his understanding of standard condition number 8, which prohibits him from possessing drug paraphernalia.

    On April 4, 2018, a home visit was conducted. During the home inspection, drug paraphernalia was found on the defendant's person and in his bedroom. Mr. Jack admitted the tablespoons and syringes found in his bedroom were used for the purpose of ingesting methamphetamine.

6      **Special Condition #16**: You shall abstain from alcohol and shall submit to testing (including urinalysis and Breathalyzer) as directed by the supervising officer, but no more than six tests per month, in order to confirm continued abstinence from this substance.

    **Supporting Evidence**: Mr. Jack failed to abstain from alcohol use on or before April 4, 2018.

    On February 21, 2018, supervised release conditions were reviewed and signed by Mr. Jack acknowledging his understanding of special condition number 16, which prohibits him from consuming alcohol.

    On April 4, 2018, a home visit was conducted. This officer observed numerous empty beer cans in the residence in plain view. Mr. Jack was confronted regarding alcohol use, to which he admitted consuming alcohol. Mr. Jack signed the admission/denial form admitting to having consumed alcohol on April 3, 2018. Additionally, during the home inspection, a newly opened beer bottle was found in a hamper. Mr. Jack stated it was his and he had just opened it to consume.

7      **Mandatory Condition #5**: The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

    **Supporting Evidence**: Mr. Jack was found in possession of ammunition on April 4, 2018.

    On February 21, 2018, supervised release conditions were reviewed and signed by Mr. Jack acknowledging his understanding of mandatory condition number 5, which prohibits him from possessing ammunition.

    On April 4, 2018, a home visit was conducted. During the home inspection, two large caliber rifle ammunitions were located on the floor and on a chair in Mr. Jack's bedroom in plain view. Mr. Jack acknowledged they were for a rifle he had in the past.

Prob12C
**Re: Jack, Andrew James**
**April 6, 2018**
**Page 4**

> 8     **Mandatory Condition #5**: The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
>
> **Supporting Evidence**: Mr. Jack was found in possession of a dangerous weapon, specifically a brass knuckle knife on April 4, 2018.
>
> On February 21, 2018, supervised release conditions were reviewed and signed by Mr. Jack acknowledging his understanding of mandatory condition number 5, which prohibits him from possessing a dangerous weapon.
>
> On April 4, 2018, a home visit was conducted.  During the home inspection, there was a silver Audi parked at the residence Mr. Jack claimed was his.  This officer observed a brass knuckle knife on the passenger seat of the vehicle in plain view.  Mr. Jack stated the knife is his and he uses the knife to unlock the car shifter to put it in gear.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring Andrew James Jack to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   April 6, 2018

s/Jose Zepeda

Jose Zepeda
U.S. Probation Officer

THE COURT ORDERS

[  ]   No Action
[X]   The Issuance of a Warrant
[  ]   The Issuance of a Summons
[  ]   Other

Signature of Judicial Officer

4/6/2018
Date