PROB 12C
(6/16)

Report Date:  June 14, 2019

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 14, 2019

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Andrew James Jack          Case Number: 0980 2:15CR00056-RMP-1

Address of Offender:                                         Nespelem, Washington 99155

Name of Sentencing Judicial Officer:  The Honorable Rosanna Malouf Peterson, U.S. District Judge

Date of Original Sentence: March 15, 2016

Original Offense:        Felon in Possession of a Firearm, 18 U.S.C. §§ 922 (g)(1) and 924(a)(2)

Original Sentence:       Prison - 16 months;          Type of Supervision: Supervised Release
                         TSR - 36 months

Revocation
Sentence:                Prison - 15 months;
(08/28/2018)             TSR - 21 months

Asst. U.S. Attorney:     Matthew F. Duggan          Date Supervision Commenced: May 28, 2019

Defense Attorney:        Amy Rubin                  Date Supervision Expires: February 27, 2021

---

### PETITIONING THE COURT

To issue a warrant.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | **Mandatory Condition # 3**: You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. |

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

**Supporting Evidence**: Mr. Jack violated his conditions of supervised release by testing presumptive positive for amphetamine on May 30, 2019.  This violation comes just 2 days after being released from the Bureau of Prisons Residential Reentry Center.  He signed an admission form confirming he used methamphetamine on or about May 29, 2019.

Prob12C

**Re: Jack, Andrew James**
**June 14, 2019**
**Page 2**

Andrew James Jack had his initial supervised release revoked and terminated on August 28, 2018. Mr. Jack admitted to eight alleged violations. This Court found all violations had been committed by Mr. Jack and imposed a sentence of 15 months custody with 21 months of supervised release to follow. He was released by the Bureau of Prisons (BOP) on May 28, 2019.

On May 30, 2019, an officer from the U.S. Probation Office in Spokane, Washington, met with Mr. Jack and reviewed a copy of the special conditions of supervision as outlined in the revocation judgement and sentence. Mr. Jack confirmed he understood the conditions, signed them and was provided a copy.

On May 30, 2019, Mr. Jack met with an officer at the U.S. Probation Office in Spokane, and provided a urine sample that was presumptive positive for methamphetamine. Mr. Jack admitted he used methamphetamine on or about May 29, 2019.

2    **Special Condition #6**: You must abstain from the use of illegal controlled substances and alcohol, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Mr. Jack violated his conditions of supervised release by testing presumptive positive for tetrahydrocannabinol (THC) on June 4, 2019. The sample was sent for laboratory analysis and on June 10, 2019, was confirmed positive for marijuana metabolite.

On June 4, 2019, this officer met with Mr. Jack at his residence and again reviewed the revocation judgement and sentence. Mr. Jack advised he understood the conditions of supervision, signed the document and was provided with a copy.

During the home visit, this officer obtained a urine sample from Mr. Jack which tested presumptive positive for THC. Mr. Jack denied drug use and said it must have been from his previous drug use. This officer noticed what appeared to be fresh needle marks on the inside of his left elbow. He stated those marks were from his previous drug use.

On June 10, 2019, laboratory analysis confirmed the specimen was positive for marijuana metabolite.

3    **Special Condition # 6**: You must abstain from the use of illegal controlled substances and alcohol, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Mr. Jack violated his conditions of supervised release by testing presumptive positive for amphetamine and methamphetamine on June 4, 2019. The sample was sent for laboratory analysis and on June 12, 2019, it was confirmed positive for amphetamine and methamphetamine.

On June 4, 2019, this officer met with Mr. Jack at his residence and again reviewed the revocation judgement and sentence. Mr. Jack advised he understood the conditions of supervision, signed the document and was provided with a copy.

Prob12C
**Re: Jack, Andrew James**
**June 14, 2019**
**Page 3**

During the home visit this officer obtained a urine sample from Mr. Jack which tested presumptive positive for amphetamine and methamphetamine. Mr. Jack denied drug use and said it must have been from the previous drug use. This officer noticed what appeared to be fresh needle marks on the inside of his left elbow and he said those marks were from his previous drug use.

On June 12, 2019, laboratory analysis confirmed the specimen was positive for amphetamine and methamphetamine.

4    **Special Condition # 6**: You must abstain from the use of illegal controlled substances and alcohol, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Mr. Jack violated his conditions of supervised release as the urine sample collected at his residence on June 13, 2019, tested presumptive positive for amphetamine, methamphetamine and THC.

On June 4, 2019, this officer met with Mr. Jack at his residence and reviewed the revocation judgement and sentence. Mr. Jack advised he understood the conditions of supervision, signed the document and was provided a copy.

During a home visit on June 12, 2019, Mr. Jack disclosed to this officer he had used marijuana earlier that morning and he consumed methamphetamine on or about June 11, 2019. He signed an admission form confirming his use of both illegal substances.

5    **Special Condition # 7**: You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Mr. Jack violated his conditions of supervised release by consuming several beers on or about June 11, 2019.

On June 4, 2019, this officer met with Mr. Jack at his residence and reviewed the revocation judgement and sentence. Mr. Jack advised he understood the conditions of supervision, signed the document and was provided a copy.

On June 12, 2019, during a home visit, Mr. Jack disclosed to this officer he consumed several beers on or about June 11, 2019. This officer observed several open beer cans on a chair in his bedroom and an open case of Budweiser beer in his room near the door. It appeared to have five or six unopened cans of beer inside. He stated the beer belonged to him. He confirmed he drank the beer and signed an admission form confirming he consumed the alcohol on or about June 11, and/or June 12, 2019.

Additionally, there was also an open whiskey bottle with a small amount of brown liquid in the bottle next to one of the beer cans on a small stand behind the chair in his room. He denied drinking the liquid in this bottle but found it outside and brought it into his room.

Prob12C
**Re: Jack, Andrew James**
**June 14, 2019**
**Page 4**

6          **Standard Condition # 10**: You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

**Supporting Evidence**: Mr. Jack violated his conditions of supervised release by having a fixed-blade knife in his bedroom.

On June 4, 2019, this officer met with Mr. Jack at his residence and reviewed the revocation judgement and sentence.  Mr. Jack advised he understood the conditions of supervision, signed the document and was provided a copy.

On June 12, 2019, during a home visit and a walk-through of Mr. Jack's bedroom, this officer observed in plain view, a large fixed-blade knife in a sheath on top of a shelf next to his bed.  A photo was taken of the item and it was removed from the bedroom.  It was given to Mr. Jack's aunt as the offender stated the knife belonged to his father and had sentimental meaning to him.  His aunt agreed to put the knife in a place unaccessible to Mr. Jack.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the offender to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:     June 14, 2019

s/Stephen Krous

Stephen Krous
U.S. Probation Officer

THE COURT ORDERS

[  ]    No Action
[X ]    The Issuance of a Warrant
[  ]    The Issuance of a Summons
[  ]    Other

Signature of Judicial Officer

6/14/2019

Date